UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
---------------------------------------------------------------------X Index No.11-CV-5707(ENV)(LB)

RENY RIVERO

Plaintiff,

-against-

KIRSCHENBAUM & PHILLIPS, P.C.

Defendant.
---------------------------------------------------------------------X

**NOTICE OF MOTION FOR SUMMARY JUDGMENT**

S I R S :

PLEASE TAKE NOTICE, that the undersigned will move this Court before the Honorable Eric N. Vitaliano at the Courthouse located at 225 Cadman Plaza East, Brooklyn, New York on the 3rd. day of May, 2013 at 9:30 a.m., or as soon thereafter as Counsel can be heard, for an Order granting summary judgment in favor of the defendant and against the plaintiff, RENY RIVERO, dismissing this action.

PLEASE TAKE FURTHER NOTICE, that answering Affidavits, if any, must be served by April 19, 2013.

Dated: Farmingdale, New York
March 18, 2013

Yours, etc.,

MICHAEL L. KOHL, P.C.
*Attorneys for Defendant*

By: ______________________
MICHAEL L. KOHL
*Office and Post Office Address*
40 Daniel Street, Suite 7
Farmingdale, NY 11735
(516) 746-1144

TO: RENY RIVERO
*Plaintiff Pro Se*
131 Silver Lake Road
Staten Island, NY 10301-2741

HC58812

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
--------------------------------------------------------------------X Index No. 11-CV-5707(ENV)(LB)
RENY RIVERO,

Plaintiff,

-against-

**AFFIRMATION IN SUPPORT**

KIRSCHENBAUM & PHILLIPS, P.C.,

Defendant.

--------------------------------------------------------------------X

STATE OF NEW YORK)
ss.:
COUNTY OF SUFFOLK)

MICHAEL L. KOHL, being an attorney at law hereby affirms the truth of the following under the penalty of perjury:

1. I am a member in the law office of MICHAEL L. KOHL, P.C., attorney for defendant, and as such I am fully familiar with the facts and circumstances had herein.

2. This affirmation is submitted in support of the Motion for Summary Judgment being brought by the defendant to dismiss the within matter in its entirety.

3. The Court has allowed the plaintiff to amend its Complaint. Although the original Complaint was originally an allegation of the Fair Debt Collection Practices Act for failure to provide debt violation. There appears to now be six counts alleged against KIRSCHENBAUM & PHILLIPS, P.C. by the plaintiff, including the very same allegation of failure to provide debt validation. The six counts being alleged at this point by Mr. Rivero are as follows:

Count 1. A violation of the Telephone Communications Act in that an automated telephone system was used to call him and prerecorded messages were left;

Count 2. A violation of the Telephone Communications Act by calling Mr. Rivero's cellular telephone number;

Count 3. A violation of the New York State CPLR regarding the taking of depositions and oaths of witnesses;

Count 4. Violation of the New York CPLR regarding objections to the qualifications of persons taking depositions;

Count 5. Violation of the New York State General Business Law in that supposedly KIRSCHENBAUM & PHILLIPS, P.C. threatened an action that they did not intend to take or the claim or attempt or threaten to enforce or write which with knowledge or reason to know that the right does not exist; and

Count 6. The violation of the Fair Debt Collection Practices Act in that defendant KIRSCHENBAUM & PHILLIPS, P.C. has not validated the debt pursuant to a request made by Mr. Rivero in 2010.

4. Dealing with Mr. Rivero's counts in order of allegation, your deponent sets forth the following:

**Count 1**

5. The Telephone Communication Act leaves the rules and regulations by which the act is to be enforced to the Federal Communications Commission. The Court's attention is directed to the report and order of the Federal Communications Commission adopted February 15, 2012 and released February 15, 2012, a copy of which is annexed hereto as Exhibit "A". As can be seen from the rules and regulations, these rules and regulations are specifically directed at telemarketing calls. There is absolutely no allegations that KIRSCHENBAUM & PHILLIPS, P.C. initiated any telemarketing calls to Mr. Rivero. These calls were solely for the purposes of attempting to collect a debt with respect to an established business relationship. To quote the commission at paragraph 61, "Prior express consent is not required for purely informational calls, i.e., non-telemarketing." There is absolutely no allegation that KIRSCHENBAUM &

PHILLIPS, P.C. attempted telemarketing in their phone calls since no telemarketing was, in fact, attempted. Therefore, Count 1 must fail since the activities complained of in Count 1 are not in violation of the Telephone Communications Act and the rules promulgated by the FCC with respect to same.

**Count 2**

6. Count 2 fails for essentially the same reasons. Once again, it has to do with calling a cellular phone number without prior permission. It, according to the rules given by the FCC, has to do with telemarketing. The Court's attention is directed to paragraph 64, item 64 of the attached exhibit. To quote the commission: "The commission's actions do not require prior express written content for informal non-telemarketing calls to wireless numbers."

7. This is, in fact, a non-telemarketing call. The rules as published in the Federal Register clearly do not prohibit such calls, and as such, Count 2 must also fail.

**Count 3**

8. Count 3 is an allegation of the violation of New York State Civil Practice Laws and Rules. Although there is no violation of the Civil Practice Laws and Rules in the facts alleged by the defendant, it is respectfully submitted to this Court that even if there was a violation of the Civil Practice Laws and Rules, that violation applies to the conduct of the underlying lawsuit which is in the State Court below. Any complaints regarding the defendant's conduct in that lawsuit is properly before the Courts that are adjudicating that lawsuit. Traditionally, in New York State, a violation of the CPLR is punishable by sanctions such as dismissal, striking of Answers or other such punishments within itself, and are not subject to punishment under the Fair Debt Collection Practices Act. It is respectfully submitted that even if defendant's conduct in the underlying case was a violation of the CPLR, it is improperly before this Court.

9. Furthermore, all supposed violations took place over twelve years ago. If Mr.

Rivero has some sort of Complaint about KIRSCHENBAUM & PHILLIPS, P.C.'s conduct twelve years ago in the Civil Courts of the City of New York, it was incumbent upon him to do something about it twelve years ago. To bring this before a Federal Court on a Fair Debt Collection Practices lawsuit at this point in time should not be continent by the Court.

10. Furthermore, Count 3 gives Mr. Rivero the right to object to the taking of his deposition in enforcement proceedings. If he did not like who was taking his deposition or who was administering the oath, then his time to object was when the depositions were taken back in 2000 and 2001. This is neither the proper time nor forum for the objecting to who took his deposition. The fact of the matter is that Mr. Rivero did, in fact, submit to the taking of his deposition. The relevance of this speaks to Count 6 of Mr. Rivero's claims against KIRSCHENBAUM & PHILLIPS, P.C. However, the fact of the matter is that the CPLR Section being quoted by Mr. Rivero to claim some sort of violation by KIRSCHENBAUM & PHILLIPS, P.C. simply is not relevant to these proceedings nor does it subject KIRSCHENBAUM & PHILLIPS, P.C. either to the jurisdiction of this Court or to any penalties imposed by the Fair Debt Collection Practices Act.

**Count 4**

11. Likewise, Count 4 once again claims a violation of New York State CPLR. This section gives him the right to apply for a Protective Order. That was back in the year 2000 and not in the current year. Once again, even if Mr. Rivero's rights under the New York State CPLR were abrogated by plaintiff KIRSCHENBAUM & PHILLIPS, P.C., it certainly does not give right to Mr. Rivero before this Court eleven years later on an entirely different case.

12. Once again, the Court's attention is directed to the fact that Mr. Rivero did consent to the exam, did given the information requested and did sign the examination before a Notary Public. This makes it crystal clear that without any ability to contradict Mr. Rivero's knowledge of this matter in 2000. This speaks directly to Count 6 of Mr. Rivero's Complaint.

**Count 5**

13. My reading of Count 5 of Mr. Rivero's Complaintindicates that Mr. Rivero claims that the plaintiff, back in 2000 and 2001, violated the New York State General Business Law Section 601 in that action was threatened that was not taken. In fact, this is not true.

14. The motion which Mr. Rivero is complaining about was made pursuant to New York Judiciary Law 756, which provides that a Motion to Punish or an application to punish for contempt of court can be made on a notice of motion, returnable before the Court or Judge authorized to punish for the offense.... This is precisely what was done by the defendant on March 19, 2001 with respect to Mr. Rivero's faiulre to appear for a subpoena that was served upon him by process server, Mr. Osmond Tingling. While Mr. Rivero may now be complaining that Mr. Tingling did not properly serve the subpoena upon him, that is wholly irrelevant to defendant's conduct in making the motion. The appropriate warnings pursuant to Judiciary Law 756 appear on the face of the motion and it appears to be proper in its form. There is absolutely no violation of the General Business Law in the making of this motion since there was no threat of an action that the creditor did not intend to take, the creditor took that action.

**Count 6**

15. Lastly, we are left with Count 6 of the Complaint filed by Mr. Rivero. Count 6 is the original claim being made by Mr. Rivero for failure to validate. Mr. Rivero is asking to penalize KIRSCHENBAUM & PHILLIPS, P.C. for failing to validate a debt more than ten years after he first became aware of it.

16. The underlying action against Mr. Rivero was commenced by KIRSCHENBAUM & PHILLIPS, P.C., with the service of a Summons and Complaint upon Mr. Rivero on July 15, 1999. A copy of the Summons and Complaint with affidavit of service is annexed hereto collectively as Exhibit "A".

17. This action was commenced in the Civil Court of the City of New York, County

of Richmond, and was assigned Index Number 3243/1999.

18.    Thereafter, when no Answer was received from the defendant, judgment was entered by the Court in the amount of $9,585.38 on November 30, 1999.  A copy of the entered judgment is annexed hereto as Exhibit "B".

19.    When KIRSCHENBAUM & PHILLIPS, P.C. did not find any readily attachable assets, enforcement proceedings pursuant to CPLR Section 5221 in order to ascertain the income and assets of the debtor was commenced. Section 5221(a)(3) is the relevant section with respect to where the enforcement proceedings can be commenced.  Said section in relevant part provides as follows:

"If the Judgment set to be forth was entered in .... the Civil Court of the City of New York, and respondent resides or is regularly employed or has a place for the regular transaction of business in person in that City, a special proceeding authorized by this article shall be commenced in the civil court of the city of New York."

20.    KIRSCHENBAUM & PHILLIPS, P.C. then served a subpoena duces tecum upon the defendant returnable March 14, 2000 at the Civil Court of the City of New York, County of Queens, 89-17 Sutphin Boulevard, Jamaica, New York.  Said subpoena was served upon Mr. Rivero by hand delivery on February 2, 2000 at his address at 131 Silver Lake Road, Staten Island, New York #406.  A copy of the subpoena with affidavit of service is annexed hereto as Exhibit "C".

21.    In response to that subpoena, Mr. Rivera appeared before the Civil Court of the City of New York, County of Queens, and completed a question and answer sheet in enforcement proceedings taken by Steven Rosenthal, an attorney working for KIRSCHENBAUM & PHILLIPS, P.C.   A copy of the four page questionnaire signed by Mr. Rivero is annexed hereto as Exhibit "D".

22.    As a result of the information provided by Mr. Rivero, an information subpoena

was then served upon A&D Sweetheart, Inc., the alleged employer of the defendant. A copy of the information subpoena and their response to same indicating that Mr. Rivero was currently employed by them is annexed hereto as Exhibit "E".

23. On April 28, 2000, an income execution was then forwarded to the Marshal of the City of New York and served upon the employer. Pursuant to New York State Law, the judgment debtor, M\r. Rivero, must first be served with the income execution in the first stage. We have no reason to believe that Mr. Rivero was not fully aware of this income execution.

24. Thereafter, Mr. Rivero's employment with A&D Sweetheart, Inc. terminated. In order to find out what Mr. Rivero was doing for income, a new subpoena duces tecum was served upon him, by personal delivery, and returnable before the Civil Court of the City of New York, County of Queens, this time on March 15, 2001. A copy of the information subpoena with affidavit of service is annexed hereto as Exhibit "F". When Mr. Rivero failed to appear for that subpoena, a motion to punish Mr. Rivero for contempt of Court was prepared and served upon Mr. Rivero. A copy of the motion to punish for contempt is annexed hereto as Exhibit "G". Thereafter, on April 10, 2001, the return date for the motion to punish for contempt of Court, Mr. Rivero appeared before the Court and once again submitted to an examination in enforcement proceedings. Said examination, taken by an employee of KIRSCHENBAUM & PHILLIPS, P.C., is annexed hereto as Exhibit "H".

25. As can be readily ascertained from the documentation attached hereto, it is clear that Mr. Rivero was fully aware of this debt, KIRSCHENBAUM & PHILLIPS, P.C.'s attempts to effectuate collection of this debt, and the Court proceedings as early as 1999 and certainly no later than 2000. For Mr. Rivero to demand a debt validation in 2011 is specious at best. Clearly, Mr. Rivero's request falls outside of Section 809(b) of the Fair Debt Collection Practices Act which states that said debt validation must be demanded within a 30 day period as described in Section A of Section 809.

26. It is submitted to this Court that the allegations contained within the four corners of Mr. Rivero's Complaint are untenable by law. Mr. Rivero had 30 days from some time in 1999 to demand a debt validation notice and the only one alleged in his Complaint is the one in November of 2010. Even if he had demanded a debt validation notice in 1999 and same had been ignored by the firm, the statute of limitations for pursuing that violation would have expired in the year 2000.

WHEREFORE, your deponent respectfully that the within Motion for Summary Judgment be granted. The defendant does not state a valid claim by law against KIRSCHENBAUM & PHILLIPS, P.C. and the matter should be dismissed in its entirety, together with the assessment of costs against Mr. Rivero for the bringing of this motion and the defense of the action.

Dated: Farmingdale, New York
March 18, 2013

MICHAEL L. KOHL

# EXHIBIT "A"

CIVIL COURT OF THE STATE OF NEW YORK

County of Richmond

| | |
|---|---|
| HSBC Bank USA Formerly Known as Marine Midla | **Plaintiff** |
| - against - | |
| **Reny Rivero (58812)** | **Defendant** |

Halpern ,Halpern ,Axelrod, Kirschenbaum&Phillips
250 Mineola Blv
Mineola, N Y 11501
(854)

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

Osmond Tinglin # 827614, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 15, 1999 at 06:20 PM, at 131 Silver Lake Rd, Stn Isl #406, N.Y. deponent served the within Summons & Verified Complaint on Reny Rivero defendant named.

SUITABLE AGE PERSON
Deponent could not accomplish personal service and delivered a true copy and left it with Mr Labacka a suitable age person at 131 Silver Lake Rd, Stn Isl #406, N.Y. - defendant's usual place of residence.

Deponent completed service by mailing a copy of the Summons & Verified Complaint in a stamped addressed envelope in an official depository under the care of the United States Post Office in New York State on 7/16/99 at defendant's usual place of residence in an envelope marked 'Personal & Confidential' not disclosing the sender's identity.

A description of the person served is as follows:

Age: 29 Weight: 170 Height: 5'8" Sex: Male Skin Color: White Hair Color: Black
Other: tenant

Other: tenant

Deponent asked the person spoken if defendant was presently in the military service and was informed that he/she was not. Deponent knew the person served to be mentioned and described in this legal paper. Deponent is over the age of eighteen years, is not a party to this action and is not dependant on anyone presently in the military.

Sworn to before me this 07/21/99

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2001

Notary Public

Osmond Tinglin # 827614

Blumberg's Law Products

760-5, 12 PT. TYPE 2/95 JULIUS BLUMBERG, INC., 10013

# CONSUMER CREDIT TRANSACTION

**IMPORTANT ! ! YOU ARE BEING SUED ! ! THIS IS A COURT PAPER — *A SUMMONS***

**DON'T THROW IT AWAY ! ! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT ! ! YOU MAY HAVE TO PAY OTHER COSTS TOO ! ! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU ! !**

**CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF** RICHMOND

*Court Index No.*

*HHA File No.* 38812

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Plaintiff

against

RENY RIVERO

Defendant(s)

## Summons

*Plaintiff's Address:*
P O BOX 2103
BUFFALO NY 14240

*The basis of the venue designated is:*
THE TRANSACTION TOOK PLACE IN THE COUNTY OF RICHMOND

*To the above named defendant(s): YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of* RICHMOND *at the office of the Clerk of the said Court at* 927 CASTLETON AVENUE, STATEN ISLAND *in the County of* RICHMOND *City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $* 10,535.92 *with interest from* 1/14/99 *together with the costs of this action.*

*Dated,* 5/04/99

**HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C.,** *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

# TRANSACCION DE CREDITO DEL CONSUMIDOR

**¡IMPORTANTE ! ¡UD. HA SIDO DEMANDADO ! ESTE ES UN DOCUMENTO LEGAL — *UNA CITACION***

**¡NO LA BOTE! ¡CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). ¡SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! ¡TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRIAGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.**

**CORTE CIVIL DE LA CIUDAD DE NUEVA YORK, CONDADO DE** RICHMOND

*No. de epígrafe*

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Demandante

Vs.

RENY RIVERO

Demandado(s)

## CITACIÓN

*La dirección del Demandante:*
P O BOX 2103
BUFFALO NY 14240

*La razón de haber designado esta Corte es:*
LA TRANSACCION DE CREDIT O TUVO LUGAR EN EL CONDADO DE RICHMOND

*Al demandado arriba mencionado: USTED ESTA CITADO a comparecar en la Corte Civil de la Ciudad de Nueva York, Condado de* RICHMOND *a la oficina del Jefe Principal de dicha Corte en* 927 CASTLETON AVENUE, STATEN ISLAND *en el Condado de* RICHMOND *Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley según abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictará sentencia contra usted en la suma de $* 10,535.92 *con interese desde* 1/14/99 *incluyendo las costas de esta causa.*

*Fechado,* 5/04/99

**HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C.,** *Abogados del Demandante*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

NOTA: La Ley provee que: (a) Si esta citación es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VEINTE días después de la entrega; ó

(b) Si esta citación es entregada a otra persona que no fuera usted personalmente, ó si fuera entregada afurea de la Ciudad de Nueva York, ó por medio de publicación, ó por ostros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA días para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citación al Jefe de esta Corte.

ELLIOT PHILLIPS

ADDR: 1-APT 406 131 SILVER LAKE RD STATEN ISLAND NY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

Court Index No.

HHA File No. 58812

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK, Plaintiff

against

RENY RIVERO, Defendant(s)

# VERIFIED COMPLAINT

M4106056653

Plaintiff, by its attorneys, complaining of the defendant(s), respectfully alleges:

1. Plaintiff is a corporation organized under the laws of the United States of America.

2. That the defendant(s) resides in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause of action arose out of said transaction.

## FOR A FIRST CAUSE OF ACTION

3. Heretofore, the parties entered into an agreement, a copy of which was mailed or delivered to defendant(s) as required by law, wherein defendant(s) obtained a credit card, under the terms of which they were authorized to, and did, make charge purchases and obtain cash advances and were obligated to reimburse plaintiff therefor together with applicable interest.

4. Upon information and belief, defendant(s) defaulted in making the payments due therein, and presently owe a balance of $8,779.94 together with an attorney's fee of $1,755.98, as provided in said agreement, making a total of $10,535.92 .

## FOR A SECOND CAUSE OF ACTION

5. That heretofore, plaintiff rendered to defendant(s) monthly, full, just and true accounts of the indebtedness due and owing by defendant(s) as a result of the aforesaid transaction, which is the sum set forth above, and said statements were delivered to, received, accepted and retained by defendant(s) without objection, resulting in an account stated for the amount claimed above.

WHEREFORE, plaintiff demands judgment against defendant(s) for the sum of $ 10,535.92 with interest ON $8,779.94 from 1/14/99 together with costs and disbursements.

WE ARE DEBT COLLECTORS-THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

ELLIOT PHILLIPS

STATE OF NEW YORK, COUNTY OF NASSAU:

The undersigned, being duly sworn, deposes and says: Deponent is an officer of the plaintiff, has read the foregoing Complaint and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes it to be true. This verification is made by deponent because plaintiff is a corporation and deponent is an officer thereof. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Documents and records of the plaintiff kept in the regular course of business under the supervision and control of your deponent.

Sworn to on 5/04/99

NOTARY

CHERYL ZICCARDI No. 01ZI4965520
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Apr. 23, 2000

KATHLEEN M HEROD

760-5 HHAKP 2-95

F

# EXHIBIT "B"

COUNTY OF RICHMOND

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Plaintiff

Court Index No. 8243/99

HHA File No. 58812

-against-

RENY RIVERO

# JUDGMENT

Defendant(s)

| | | |
|---|---|---|
| Amount claimed in complaint less payments on account of $ N/A | | $ 8,779.94 |
| Attorney's fees allowed | | 675.44 |
| Interest | | |
| | Total | $ 9,455.38 |
| Costs by statute | $ 50.00 | |
| Service of summons and complaint | 20.00 | |
| Filing of summons and complaint | 35.00 | |
| Prospective execution fee | 25.00 | |
| Military service affidavit | | |
| | | 130.00 |
| | Total | $ 9,585.38 |

STATE OF NEW YORK, COUNTY OF NASSAU

The undersigned, an attorney admitted to practice in the State of New York, associated with the attorneys for plaintiff, under penalties of perjury, affirms the following to be true: The disbursements specified above have been or will necessarily be made or incurred and are reasonable in amount.

That defendant(s) have failed to appear, answer or move herein, and the time to do so having expired, plaintiff is entitled to judgment by default. That the attorneys for plaintiff are not employees of plaintiff but are outside counsel. That any attorneys' fees included in the judgment, and not agreed to by stipulation, were duly fixed and allowed by this Court. Deponent mailed a copy of the Summons by 1st-class mail in an envelop marked "personal and confidential" without indicating it is from an attorney or concerns an alleged debt to each defendant, at the residence address below, on the following dates respectively: 7/26/99

That more than twenty days have elapsed and the same have not been returned as undeliverable by the U.S. Postal Service.

Pursuant to affidavits of service on file herein, deponent alleges that defendants are not in military service.

Dated: 11/22/1999

IRWIN S. KIRSCHENBAUM

**JUDGMENT ENTERED ON:** NOV 30 1999

ADJUDGED that HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK plaintiff, residing at 251 MAIN ST - 4TH FLOOR BUFFALO NY 14203 recover of RENY RIVERO 131 SILVER LAKE RD STATEN ISLAND NY defendants, the sum of $8,779.94 with interest of $675.44 making a total of $9,455.38 together with $130.00 costs and disbursements, amounting in all to $9,585.38 and that plaintiff have execution therefor.

JACK BAER
CHIEF CLERK

Clerk

HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

762-1HAL, 10-95, JULIUS BLUMBERG, INC., NYC 10013

SUB-PRO SERVED UPDATE CARD

AGENCY-F 1/12/2000 HHA NO. 58812

CLIENT- HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK

DEF-1 RIVERO/RENY/
APT 406
131 SILVER LAKE RD
STATEN ISLAND NY 10301

---

RETURN COURT-CQ DATE- 3/14/2000

# EXHIBIT "C"

CIVIL COURT OF THE STATE OF NEW YORK

County of Queens

| | |
|---|---|
| HSBC Bank USA Formerly Known as Marine Midla | **Plaintiff** |
| - against - | |
| **Reny Rivero 3/14/2000 (58812)** | **Defendant** |

A Halpern, Halpern
Axelrod,Kirschenbaum&Phillips
250 Mineola Blvd
Mineola, N Y 11501
(17648)

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

Osmond Tinglin # 827614, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on February 02, 2000 at 06:35 AM, at 131 Silver Lk Rd, Staten Island 10301# 406, N.Y. deponent served the within Subpoena Duces Tecum on Reny Rivero defendant named.

INDIVIDUAL
Personally leaving copy and knew that Reny Rivero was mentioned in Subpoena Duces Tecum. Deponent said person spoken to was not in the military service of the United States and was indeed defendant who was mentioned in this action.

A description of the person served is as follows:

Age: 52 Weight: 270 Height: 5'8" Sex: Male Skin Color: White Hair Color: Black

Other:

Deponent asked the person spoken if defendant was presently in the military service and was informed that he/she was not. Deponent knew the person served to be mentioned and described in this legal paper. Deponent is over the age of eighteen years, is not a party to this action and is not dependant on anyone presently in the military.

Sworn to before me this 02/06/00

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2001

Notary Public

Osmond Tinglin # 827614

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS X Index No. 3243/99
LG
HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK Plaintiff

HHA File No. 58812-1

-against-

RENY RIVERO

SUBPOENA (Duces Tecum)

To Take Deposition of Judgment Debtor with Restraining Notice

Defendant(s)X

# The People of the State of New York

TO RENY RIVERO GREETING:
APT 406 131 SILVER LAKE RD STATEN ISLAND NY 10301

WHEREAS, in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF RICHMON between HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK as plaintiff and RENY RIVERO

as defendant(s) who are all the parties named in said action, a judgment was entered on 11/30/1999 in favor of HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK plaintiff (judgment creditor) defendant (judgment debtor) and against RENY RIVERO in the amount of $ 9,585.38 of which $ 9,585.38 together with interest thereon from 11/30/1999 remains due and unpaid: and

WHEREAS, the judgment debtor resides in RICHMOND County.

NOW, THEREFORE, WE COMMAND YOU to appear and attend before Special Term Part II at the Civil Court at 89-17 Sutphin Boulevard, Jamaica, New York on 3/14/2000 AT 9:30 AM and at any recessed or adjourned date for the taking of a deposition under oath upon oral or written questions on all matters relevant to the satisfaction of such judgment;

AND WE FURTHER COMMAND YOU to produce for examination at such time and place the following books, papers and records: Bank, check, brokerage, mutual fund and any other investment statements, driver's license, professional licenses, life insurance policies, Social Security Card, copies of Income Tax Returns, including Schedules and supporting documents for the last two years, earnings records, automobile and other vehicle Registrations and Certificates of Title, Deeds to real property, Mortgages on real property, stock certificates, legal papers and correspondence of any action to which you are a party, Certificates of Doing Business, residential and commercial Leases, and all other books, papers and records in your possession or control which have or may contain information concerning your property, income or other means relevant to the satisfaction of the judgment;

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

***RESTRAINING NOTICE:* TAKE NOTICE *that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided. Disobedience of this Restraining Notice is punishable as a contempt of court.***

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

*Dated:* 1/12/2000

STEVEN L. ROSENTHAL

HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

THIS SUBPOENA OR PROCESS (AS THE CASE MAY BE) REQUIRES YOUR PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED. FAILURE TO APPEAR MAY SUBJECT YOU TO FINE & IMPRISONMENT FOR CONTEMPT OF COURT. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. WE ARE DEBT COLLECTORS

HHA 9/99

# EXHIBIT "D"

CIVIL COURT OF THE
COUNTY OF Queens

---------------------------------------------------------------- X

HSBC

Judgment Creditor

-against-

Reny Rivero

Judgment Debtor

---------------------------------------------------------------- X

**APPEARANCES.**

[signature] — Esq. for Judgment Creditor

Reny Rivero — Judgment Debtor in Person

**STATE OF NEW YORK** )
) SS
**COUNTY OF** Queens )

The above named Judgment Debtor, having been duly sworn, this 14th day of MARCH 2000 ~~19~~, testifies as follows:

1. Q. What is your full name, (and maiden name), and are you known by any other names? A. RENY RIVERO

2. Q. What is your Social Security Number and Date of Birth? A. 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

3. Q. State your Home Address: 131 Silver Lake Rd. - Apt 406 Staten Island 10301
   Telephone No.: 718-816-9002

4. Q. Do you own or rent the premises you occupy? A. Rent

5. Q. If you rent, state Landlord's name, address, and the amount of rent: A. Charles Labelson 10 Michelle Ct Marlboro NJ 07746 - $599 p/M - ~~I [illegible] lease~~

6. Q. Are you related by blood or marriage to the owner or Landlord of your premises? A. No

7. Q. If you or your spouse are the owners, state:

   Title In Name of:
   Year Purchased and Price:
   Approximate Market Value:
   Mortgage Holder:
   Mortgage Balance:
   Date of Last Payment:
   Amount of Monthly Payment:
   2nd Mortgage Holder:

   N/A

8. Q. Did you or your spouse ever own the premises in which you reside? If so, when and to whom were said premises conveyed and the consideration therefor? A. No

9. Q. Are you married; if so, what is your spouse's full name, Social Security number, date of birth, maiden name and home address if different from yours? A.

Divorced -

10. Q. Set forth details of any licenses you may hold; include type, licensing authority, license numbers and expiration date: A.

no

11. Q. Are you engaged in business for yourself, individually, or as a partner, or are you employed? A.

Employed

12. Q. Are you a member of a Union; if so, state the name and address of the Union and your membership number and/or book number? A.

no

13. Q. If unemployed, when and for whom did you last work? A.

14. Q. If you are engaged in business, state:
Name & Address:

Name of Customers, and amounts due:

15. Q. If you are employed, give employer's name, address, and telephone number. A.

A.O. Sweetheart Inc. 280 Broadway Suite 1A SI NY 10310 718-556-3030

16. Q. What share or interest do you have in the concern with which you are connected, and were you ever the owner of said busines? A.

NO

17. Q. For how long have you worked for your present employer and what is your position; employee number and/or badge number? A.

Since 10/99

18. Q. What salary, including bonus, overtime or other compensation do you receive? A.

~~$5.50~~ $5.15 per hr. 35 hrs per week.

19. Q. Are there any garnishments or wage assignments or Court Orders directing you or your employer to make payments from your salary? A.

$50 per week to repay $1800 loan to POB. $1700 now owed

20. Q. If so, state details: A.

21. Q. If you or your spouse have any of the following accounts set forth the requested information.

| | State name and address of depository (Bank, Broker, etc.) | Balance in account | Account number |
|---|---|---|---|
| a)Checking account | Richmond Cty Savings | 10.75 | |
| b)Savings account | Dime Savings | $40 | |
| c)IRA or Keogh account | Amalgamated | $20 | |
| d)Money Market account | | | |
| e)Brokerage account | | | |
| f)Safety Deposit Box | | | |
| g)Other | | | |

22. Q. Have you closed any bank or brokerage accounts within the past six months? If so, state the names and addresses of banks or brokerege houses, the dates of closing and final balances at time of closing: A.

no

23. Q. Do you or your spouse own, lease, or have use of a motor vehicle? A.

Yes

24. Q. If so, state:
In whose name is the vehicle titled:
Year and Make:
Finance Co., Bank or Lessor & Bal. due:
License plate number:

1989 Chevy -

25. Q. If you have a driver's license, state:
Type, and Number:
Date of Birth:
Expiration:

991 912-222
DOB 12-5-59 exp 12-5-02

26. Q. Have you owned any automobiles within the past twelve months? If so set forth the name and address of the party to whom you transferred it, the date of transfer and the consideration therefor. A.

No

27. Q. Do you or your spouse or any other defendants own any interest in real estate? A.

no

28. Q. Have you or your spouse or any other defendant (owned) any real property within the past six years? If so, give the addresses of same, the dates of transfer, the parties to whom transferred and the consideration therefor: A.

No

29. Q. Do you or your spouse or any other defendants have any assets whatsoever, such as stocks, mutual or money market funds, bonds, mortgages, notes, boats, jewelry, coins, stamps. other collectibles, etc.? A.

NO

30. Q. Are you or your spouse or any other defendants, an officer, director or stockholder in any corporation? If so state details. A.

no

31. Q. Are you or your spouse beneficiaries under any Will or trust? If so, state details. A.

no

32. Q. Are there any other Judgments, Federal or State Tax liens on record against you? If so, state names, dates and amounts: A.

Not that I know of.

33. Q. Are you involved in any accident cases. malpractice cases or clams against insurance carriers or any lawsuits whatsoever, and if so, state details and name and address of your lawyer: A.

no

34. Q. Does anyone owe you any money? If so, give names, addresses, amounts and dates. A.

no

35. Q. State the current home address and telephone number of all co-defendants. A.

N/A

36. Q. Is your spouse or any other defendant engaged in any independent business or employed? A.

37. Q. If employed, give name and address of each person's employer and occupation: A.

N/A

38. Q. State each person's salary: A.

39. Q. Do you have any tenants? If so, state their names, addresses and amount of rent they pay: A.

N/A

40. Q. State the name and address of your accountant. A.

no

41. Q. State the name and address of your insurance carrier and agent. A.

no

42. Q. Do you have any credit cards? If so, state the name and the bank or company issuing each card and the account number. A.

No

43. Q. What is your gross and net income for the preceding calendar year according to your income tax return? (annex copy of most recent tax return with all schedules) A.

Last filed several years ago - I haven't made enough

44. Q. If you are self-employed, itemize your current living expenses as follows:

A. Rent $________ per month
B. Food $________ per month
C. Other $________ per month

45. Q. What is the name, address, telephone number and relationship of your nearest relative? A.

no

46. Q. Do you or your spouse or any other defendant have any income besides that mentioned above? A.

Part time Self employed Fixing computers cash - 1999 #2500

47. Q. How do you propose to pay this Judgment? A.

No offer -

X [signature]

Sworn to before me this
day of , 19

Notary Public

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*

B. Date of Delivery 3/22/00

C. Signature

X Sarina A Anderson ☐ Agent ☑ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Copy from service label)* 596 705

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

Z 168 596 705

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| **TOTAL** Postage & Fees | $ |
| Postmark or Date 3-20-00 CB | |

PS Form **3800**, April 1995

# EXHIBIT "E"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Index No.

LG | HHA File No. 58812-1

HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK
Plaintiff

-against-

RENY RIVERO

Defendant(s)

**INFORMATION SUBPOENA**
~~*with*~~
~~*Restraining Notice*~~

**The People of the State of New York:**

**GREETING:**

**TO** A. D. SWEETHEART INC
280 BROADWAY SUITE 1A STATEN ISLAND NY 10310

**WHEREAS,** in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF RICHMOND between HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK as plaintiff and the above captioned defendant(s) who are all the parties named in said action, a judgment was entered on 11/30/1999 in favor of, plaintiff (judgment creditor) and against the following defendant(s) (judgment debtor(s))

RENY RIVERO SS#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
APT 406 131 SILVER LAKE RD STATEN ISLAND NY 10301

in the amount of $ 9,585.38 of which $ 9,585.38 together with interest thereon from 11/30/99 remains due and unpaid; and

**WHEREAS,** the person to whom this subpoena is directed resides; ~~is regularly employed; has an office for the regular transaction of business in person in~~ RICHMOND County

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

~~**RESTRAINING NOTICE**~~

~~**CIVIL PRACTICE LAW AND RULES**~~

~~Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.~~

~~**TAKE NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court.*~~

*Dated:* 3/20/2000

IRWIN S. KIRSCHENBAUM
**HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS P.C.,** *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

R/N 2-00

RE: RENY RIVERO

STATE OF NEW YORK, COUNTY OF

LG HHA File No. 58812

being duly sworn deposes and says: that deponent is the

of A. D. SWEETHEART INC

recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

Q. 1. State whether or not the Judgment Debtor is currently employed by you; if not, date last employed.

A.

Q. 2. State your full name; if a corporation, the proper corporate legal name; if a partnership, the names and addresses of each partner, and if an assumed business name, the name and address of the person conducting the business.

A.

Q. 3. State the Judgment Debtor's:

a-Approximate weekly earnings:

b-Home address as shown in your records:

c-Position held:

d-Home phone no.:

e-Social Security No.

f-Date of birth:

Q. 4. State any other names used by the Judgment Debtor:

Q. 5. If the Judgment Debtor has been laid off, state when you expect to call him back to work.

A.

Q. 6. State the name and address of any Union or Credit Union the judgment debtor may be a member of.

A.

Q. 7. List nature and amount of all deductions made from gross salary. If deductions are due to court-ordered family or child support, annex a copy of said order.

A.

Q. 8. Set forth all questions and answers on debtor's employment application. (You may furnish a photocopy of the original application).

A.

Q. 9. If the judgment debtor is not presently employed by you, state his current employer, or if unknown, potential employers who made inquiries, and reason for judgment debtor leaving.

A.

Q. 10. State whether or not you have made any payment to the Judgment Debtor during the last 6 months.

A.

Q. 11. If so, state the date and amounts of all monies paid to the Judgment Debtor as well as the amount of any monies presently due or to become due.

A.

Q. 12. State the name and address of any bank provided for cashing payroll checks and the name, address and account number of any bank the Judgment Debtor has monies directly deposited into.

A.

Sworn to before me on

20

..................................................................

The name signed must be printed beneath

QE

QA 2-00

RE: RENY RIVERO

LG HHA File No. 58812

STATE OF NEW YORK, COUNTY OF

being duly sworn deposes and says: that deponent is the

of A. D. SWEETHEART INC

recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

Q. 1. State whether or not the Judgment Debtor is currently employed by you; if not, date last employed. YES

A.

Q. 2. State your full name; if a corporation, the proper corporate legal name; if a partnership, the names and addresses of each partner, and if an assumed business name, the name and address of the person conducting the business. AD SWEETHEART, INC.

A.

Q. 3. State the Judgment Debtor's:
a-Approximate weekly earnings: $70.00/week
b-Home address as shown in your records: 131 Silver Lake #406 Staten Island, NY 10301
c-Position held:
d-Home phone no.:
e-Social Security No. 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
f-Date of birth:

Q. 4. State any other names used by the Judgment Debtor:

Q. 5. If the Judgment Debtor has been laid off, state when you expect to call him back to work.

A.

Q. 6. State the name and address of any Union or Credit Union the judgment debtor may be a member of. NONE

A.

Q. 7. List nature and amount of all deductions made from gross salary. If deductions are due to court-ordered family or child support, annex a copy of said order.

A.

Q. 8. Set forth all questions and answers on debtor's employment application. (You may furnish a photocopy of the original application).

A.

Q. 9. If the judgment debtor is not presently employed by you, state his current employer, or if unknown, potential employers who made inquiries, and reason for judgment debtor leaving.

A.

Q. 10. State whether or not you have made any payment to the Judgment Debtor during the last 6 months. NO

A.

Q. 11. If so, state the date and amounts of all monies paid to the Judgment Debtor as well as the amount of any monies presently due or to become due.

A.

Q. 12. State the name and address of any bank provided for cashing payroll checks and the name, address and account number of any bank the Judgment Debtor has monies directly deposited into.

A.

Sworn to before me on 20

[signature]

Chris Shaffer
The name signed must be printed beneath
(917) 837-6582

QA 2-00

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK

Plaintiff

-against-

RENY RIVERO

Defendant(s)

Court Index No. 3243/99
LG

HHA File No. 58812-1

# INCOME EXECUTION

## The People of the State of New York

TO ANY ENFORCEMENT OFFICER, GREETING:

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT COUNTY OF RICHMOND | 11/30/1999 | 9,585.38 | 9,585.38 | 11/30/99 |

The judgment was recovered against RENY RIVERO defendant (judgment debtor) and transcribed with the county clerk(s) of

WHEREAS, this execution is issued against RENY RIVERO defendant (judgment debtor) whose last known address is APT 406 131 SILVER LAKE RD STATEN ISLAND NY 10301

and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is:

A. D. SWEETHEART, INC.
280 BROADWAY - SUITE 1A STATEN ISLAND NY 10310

more than $ per week, to wit $ 800.00 to be paid in weekly installments of $ 80.00 each:

Title or Position | Soc. Sec. and/or Pension No. | Bureau, Office, Dept or Subdivision | Badge No.

**You are directed to** satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the judgment debtor from the Employer pursuant to CPLR § 5231 and 15 U.S.C. 1671, et. seq.

**Directions to Judgment Debtor: You are notified and commanded within 20 days** to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer: You are commanded** to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated 4/28/2000

IRWIN S. KIRSCHENBAUM
**HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C.,** *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N. Y. 11501 (516) 746-1144

* "Employer," herein, includes any payor of money to Judgment Debtor.

# Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code § 1671 *et seq.*

## I. Limitations on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.15* per hour), or $154.50* no deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($5.15* per hour), or $154.50* under this income execution.

764-2/29-97 BlumbergExcelsior, Publisher, NYC 10013

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

## II. Explanation of limitations

**Definitions**

**Disposable Earnings** — Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** — Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings

| If disposable earnings is: | Amount to pay or deduct from earnings under this income execution is: |
|---|---|
| (a) 30 times federal minimum wage ($154.50* ) or less | No payment or deduction allowed. |
| (b) more than 30 times federal minimum wage ($154.50* ) and less than 40 times federal minimum wage ($206.00* ) | The lesser of: the excess over 30 times the federal minimum wage ($154.50* ) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times the federal minimum wage ($206.00* ) or more | The lesser of: 25% of disposable earnings or 10% of gross earnings. |

## III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231(i) and CPLR § 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR § 5231 (i) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR § 5240 Modification or protective order: supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

*Based upon $5.15 minimum wage effective September 1, 1997. Recalculate and insert correct figures when the minimum wage changes.

### Endorsement:

Date and Time execution received:

Installments paid to ........................................ have satisfied the judgment to the extent of $.................... principal and $ .................. interest.

Return to the judgment creditor or his attorney on ........................................ because of inability to find garnishee in the county

SUB-PRO SERVED UPDATE CARD

AGENCY-F 1/15/2001 MMA NO. [illegible]2

CLIENT- HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK

DEF-1 RIVERO/RENY/
APT 406
131 SILVER LAKE RD
STATEN ISLAND NY 10301

---

RETURN COURT-CQ DATE- 3/13/2001

CIVIL COURT OF THE CITY OF NEW YORK

County of Queens

| | | |
|---|---|---|
| HSBC Bank USA Formerly Known as Marine Midland Bank | **Plaintiff** | Index #<br>Filing Date: |
| - against - | | A Halpern, Halpern Axelrod<br>250 Mineola Blv<br>Mineola, NY 11501<br>(42497) |
| **Reny Rivero 3/13/01 (58812)** | **Defendant** | |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

OSMOND TINGLIN #827614, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on JANUARY 31, 2001 at 06:10 AM at 131 SILVER LAKE RD, STATEN ISLAND 10301# 406, N.Y. deponent served the within SUBPOENA DUCES TECUM on RENY RIVERO defendant named.

INDIVIDUAL
Personally leaving copy and knew that RENY RIVERO was mentioned in SUBPOENA DUCES TECUM. Deponent said person spoken to was not in the military service of the United States and was indeed defendant who was mentioned in this action.

A description of the person served is as follows:

Age: 51 Weight: 360 Height: 5'8" Sex: Male Skin Color: White Hair Color: Black

OTHER: RESIDENCE

Deponent asked the person spoken to if defendant was presently in the military service and was informed that he/she was not. Deponent knew the person served to be mentioned and described in this legal paper. Deponent is over the age of eighteen years, is not a party to this action and defendant is not dependant on anyone presently in the military.

Sworn to before me this 02/02/01

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2001

Notary Public

Osmond Tinglin #827614

# EXHIBIT "F"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Index No. 43/99
SV

HHA File No. 58812-1

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Plaintiff

-against-

RENY RIVERO

Defendant(s)

SUBPOENA (Duces Tecum)

To Take Deposition of Judgment Debtor with Restraining Notice

# The People of the State of New York

GREETING:

TO RENY RIVERO
APT 406 131 SILVER LAKE RD STATEN ISLAND NY 10301

WHEREAS, in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF RICHMOND between HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK as plaintiff and RENY RIVERO

as defendant(s) who are all the parties named in said action, a judgment was entered on 11/30/1999 in favor of HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK plaintiff (judgment creditor) defendant (judgment debtor) and against RENY RIVERO in the amount of $ 9,585.38 of which $ 9,585.38 together with interest thereon from 11/30/1999 remains due and unpaid: and

WHEREAS, the judgment debtor resides in RICHMOND County.

NOW, THEREFORE, WE COMMAND YOU to appear and attend before Special Term Part II at the Civil Court at 89-17 Sutphin Boulevard, Jamaica, New York on 3/13/2001 AT 9:30 AM and at any recessed or adjourned date for the taking of a deposition under oath upon oral or written questions on all matters relevant to the satisfaction of such judgment;

AND WE FURTHER COMMAND YOU to produce for examination at such time and place the following books, papers and records: Bank, check, brokerage, mutual fund and any other investment statements, driver's license, professional licenses, life insurance policies, Social Security Card, copies of Income Tax Returns, including Schedules and supporting documents for the last two years, earnings records, automobile and other vehicle Registrations and Certificates of Title, Deeds to real property, Mortgages on real property, stock certificates, legal papers and correspondence of any action to which you are a party, Certificates of Doing Business, residential and commercial Leases, and all other books, papers and records in your possession or control which have or may contain information concerning your property, income or other means relevant to the satisfaction of the judgment;

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

***RESTRAINING NOTICE:* TAKE NOTICE *that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided. Disobedience of this Restraining Notice is punishable as a contempt of court.***

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

*Dated:* 1/15/2001

STEVEN L. ROSENTHAL

HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

THIS SUBPOENA OR PROCESS (AS THE CASE MAY BE) REQUIRES YOUR PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED. FAILURE TO APPEAR MAY SUBJECT YOU TO FINE & IMPRISONMENT FOR CONTEMPT OF COURT. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. WE ARE DEBT COLLECTORS

# EXHIBIT "G"

**WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.**

**NOTICE: The purpose of the hearing is to punish you for contempt of court. Such punishment may consist of fine or imprisonment, or both, according to the law.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Plaintiff

-against-

RENY RIVERO

Defendant.

**MOTION TO PUNISH FOR CONTEMPT OF COURT WHICH MAY CONSIST OF FINE OR IMPRISONMENT OR**

Index No.

SIR:

PLEASE TAKE NOTICE, that the undersigned will move this Court at a Special Term, Part II, Room 357, of the Civil Court of Queens County, at the Courthouse, 89-17 Sutphin Boulevard, Jamaica, New York on the 10TH day of APRIL 2001, at 11:00 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an Order punishing defendant, RENY RIVERO for contempt of Court, in that the defendant failed to appear and fully testify pursuant to Subpoena duly issued in enforcement proceedings and for such other and further relief as may be just and proper.

Dated: 3/19/01

**Yours etc.,**

**HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C.**

**By:** ______________________

**STEVEN L. ROSENTHAL**
**Attorneys for the Plaintiff**
**250 Mineola Boulevard**
**Mineola, New York 11501**
**(516) 746-1144**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.**

58812

**Defendant**

RENY RIVERO
APT 406
131 SILVER LAKE RD
STATEN ISLAND NY 10301

WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LAW OFFICES OF HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS P.C. 250 MINEOLA BOULEVARD MINEOLA NEW YORK 11501 516 746-1144

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------x

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Plaintiff,

-against-

RENY RIVERO

Defendant.

---------------------------------------x

STATE OF NEW YORK, COUNTY OF NASSAU:

The undersigned, an attorney admitted to practice in the State of New York, under penalties of perjury, affirms the following to be true:

That heretofore enforcement proceedings to collect a Judgment duly recovered by plaintiff against defendant were commenced in this Court by service of a Subpoena upon defendant, the original of which, with proof of service, is annexed hereto.

That defendant defaulted in appearing on the return date of said Subpoena.

That by virtue thereof, plaintiff has been prevented from obtaining necessary information to collect said Judgment, and its rights and remedies have been defeated, impaired, impeded and prejudiced.

WHEREFORE, the undersigned prays that this motion be granted, for which no previous application has been made.

58812

Dated: 3/19/2001

STEVEN ROSENTHAL

LAW OFFICES OF
HALPERN,
HALPERN,
AXELROD,
KIRSCHENBAUM
& PHILLIPS, P.C.
250 MINEOLA
BOULEVARD
MINEOLA
NEW YORK 11501
(516) 746-1144

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS X Index No. 3243/99
HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK Plaintiff HHA File No. 58812-1
-against-
RENY RIVERO

SUBPOENA (Duces Tecum)

To Take Deposition of Judgment Debtor with Restraining Notice

3/13

Defendant(s) X

# The People of the State of New York

TO RENY RIVERO GREETING:
APT 406 131 SILVER LAKE RD STATEN ISLAND NY 10301

WHEREAS, in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF RICHMOND between HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK as plaintiff and RENY RIVERO

as defendant(s) who are all the parties named in said action, a judgment was entered on 11/30/1999 in favor of HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK plaintiff (judgment creditor)

and against RENY RIVERO defendant (judgment debtor)

in the amount of $ 9,585.38 of which $ 9,585.38 together with interest thereon from 11/30/1999 remains due and unpaid: and

WHEREAS, the judgment debtor resides in RICHMOND County.

CIVIL COURT NEW YORK COUNTY 01 MAR 13 AM 11:

NOW, THEREFORE, WE COMMAND YOU to appear and attend before Special Term Part II at the Civil Court at 89-17 Sutphin Boulevard, Jamaica, New York on 3/13/2001 AT 9:30 AM and at any recessed or adjourned date for the taking of a deposition under oath upon oral or written questions on all matters relevant to the satisfaction of such judgment;

AND WE FURTHER COMMAND YOU to produce for examination at such time and place the following books, papers and records: Bank, check, brokerage, mutual fund and any other investment statements, driver's license, professional licenses, life insurance policies, Social Security Card, copies of Income Tax Returns, including Schedules and supporting documents for the last two years, earnings records, automobile and other vehicle Registrations and Certificates of Title, Deeds to real property, Mortgages on real property, stock certificates, legal papers and correspondence of any action to which you are a party, Certificates of Doing Business, residential and commercial Leases, and all other books, papers and records in your possession or control which have or may contain information concerning your property, income or other means relevant to the satisfaction of the judgment;

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

***RESTRAINING NOTICE:*** TAKE NOTICE *that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided. Disobedience of this Restraining Notice is punishable as a contempt of court.*

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

*Dated:* 1/15/2001

STEVEN L. ROSENTHAL

HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., *Attorneys for Plaintiff*
250 Mineola Blvd., Mineola, N.Y. 11501 (516) 746-1144

THIS SUBPOENA OR PROCESS (AS THE CASE MAY BE) REQUIRES YOUR PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED. FAILURE TO APPEAR MAY SUBJECT YOU TO FINE & IMPRISONMENT FOR CONTEMPT OF COURT. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. WE ARE DEBT COLLECTORS

HHA 9/99

CIVIL COURT OF THE CITY OF NEW YORK

County of Queens

| | | |
|---|---|---|
| HSBC Bank USA Formerly Known as Marine Midland Bank | **Plaintiff** | Index #<br>Filing Date: |
| - against - | | A Halpern, Halpern Axelrod<br>250 Mineola Blv<br>Mineola, NY 11501<br>(42497) |
| **Reny Rivero 3/13/01 (58812)** | **Defendant** | |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

OSMOND TINGLIN #827614, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on JANUARY 31, 2001 at 06:10 AM at 131 SILVER LAKE RD, STATEN ISLAND 10301# 406, N.Y. deponent served the within SUBPOENA DUCES TECUM on RENY RIVERO defendant named.

INDIVIDUAL
Personally leaving copy and knew that RENY RIVERO was mentioned in SUBPOENA DUCES TECUM. Deponent said person spoken to was not in the military service of the United States and was indeed defendant who was mentioned in this action.

A description of the person served is as follows:

Age: 51 Weight: 360 Height: 5'8" Sex: Male Skin Color: White Hair Color: Black

OTHER: RESIDENCE
Deponent asked the person spoken to if defendant was presently in the military service and was informed that he/she was not. Deponent knew the person served to be mentioned and described in this legal paper. Deponent is over the age of eighteen years, is not a party to this action and defendant is not dependant on anyone presently in the military.

Sworn to before me this 02/02/01

Frances T. Mondrone #4835596
Notary Public, State of New York
Suffolk County, Commission Expires 5/31/2001

Notary Public

Osmond Tinglin #827614

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
---------------------------------------x
HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK

Plaintiff,

-against-

RENY RIVERO

Defendant.
---------------------------------------x

STATE OF NEW YORK, COUNTY OF NASSAU:

The undersigned, being duly sworn, deposes and says:

Deponent is an employee of HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., is over 18 years of age, is not a party to the action, and on 3/19/2001 served the within Notice of Motion and affirmation to punish for Contempt of Court on RENY RIVERO

at APT 406
131 SILVER LAKE RD
STATEN ISLAND NY 10301

his home address, by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

LESLIE BRESNICK

Sworn to before me

on 3/19/2001

58812

STEVEN ROSENTHAL
Notary Public, State of New York
No. 30-4906559
Qualified in Nassau County
Commission Expires Aug. 31, 2001.

LAW OFFICES OF
HALPERN,
HALPERN,
AXELROD,
KIRSCHENBAUM
& PHILLIPS, P.C.
250 MINEOLA
BOULEVARD
MINEOLA
NEW YORK 11501
(516) 746-1144

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------x

HSBC BANK USA FORMERLY KNOWN AS
MARINE MIDLAND BANK

Plaintiff,

-against-

RENY RIVERO

Defendant.

---------------------------------------x

STATE OF NEW YORK, COUNTY OF NASSAU:

The undersigned, being duly sworn, deposes and says:

Deponent is an employee of HALPERN, HALPERN, AXELROD, KIRSCHENBAUM & PHILLIPS, P.C., is over 18 years of age, is not a party to the action, and on 3/19/2001 served the within Notice of Motion and affirmation to punish for Contempt of Court on RENY RIVERO

at APT 406
131 SILVER LAKE RD
STATEN ISLAND NY 10301

his home address, by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

LESLIE BRESNICK

Sworn to before me

on 3/19/2001

58812

STEVEN ROSENTHAL
Notary Public, State of New York
No. 30-4906559
Qualified in Nassau County
Commission Expires Aug. 31, 2001.

LAW OFFICES OF
HALPERN,
HALPERN,
AXELROD,
KIRSCHENBAUM
& PHILLIPS, P.C.
250 MINEOLA
BOULEVARD
MINEOLA
NEW YORK 11501
(516) 746-1144

Index No.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK
Plaintiff

-against-

RENY RIVERO

Defendant.

MOTION TO PUNISH

HALPERN, HALPERN, AXELROD,
KIRSCHENBAUM & PHILLIPS, P.C.
Attorneys for Plaintiff
Office & P.O. Address:
250 Mineola Boulevard
Mineola, New York 11501
516-746-1144

58812

LAW OFFICES OF
HALPERN,
HALPERN,
AXELROD,
KIRSCHENBAUM
& PHILLIPS, P.C.
250 MINEOLA
BOULEVARD
MINEOLA
NEW YORK 11501
(516) 746-1144

# EXHIBIT "H"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

x

HSBC BANK USA FORMERLY KNOWN AS MARINE MIDLAND BANK

Judgment Creditor

-against-

RENY RIVERO

Judgment Debtor

x

APPEARANCES. ROGER BORG Esq. for Judgment Creditor
RENY RIVERO Judgment Debtor in Person

STATE OF NEW YORK )
) SS
COUNTY OF QUEENS )

The above named Judgment Debtor, having been duly sworn, this 10th day of APRIL 2009, testifies as follows:

1. Q. What is your full name, (and maiden name), and are you known by any other names? A.
RENY RIVERO

2. Q. What is your Social Security Number and Date of Birth? A.
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 12/5/59

3. Q. State your Home Address:
Telephone No.:
131 SILVER LAKE RD APT 406 STATEN ISLAND NY 10301

4 Q. Do you own or rent the premises you occupy? A.
RENT

5 Q. If you rent, state Landlord's name, address and the amount of rent: A.
CHARLES LEVENSON - $599 P/M

6. Q. Are you related by blood or marriage to the owner or Landlord of your premises? A.
NO

7. Q. If you or your spouse are the owners, state:

Title In Name of:
Year Purchased and Price:
Approximate Market Value:
Mortgage Holder:
Mortgage Balance:
Date of Last Payment:
Amount of Monthly Payment:
2nd Mortgage Holder:

8. Q. Did you or your spouse ever own the premises in which you reside? If so, when and to whom were said premises conveyed and the consideration therefor? A.

NO

HHA
58812

9. Q. Are you married; if so, what is your spouse's full name, Social Security number, date of birth, maiden name and home address if different from yours? A. NO

10. Q. Set forth details of any licenses you may hold; include type, licensing authority, license numbers and expiration date: A. NO

11. Q. Are you engaged in business for yourself, individually, or as a partner, or are you employed? A. EMPLOYED

12. Q. Are you a member of a Union; if so, state the name and address of the Union and your membership number and/or book number? A. NO

13. Q. If unemployed, when and for whom did you last work? A.

14. Q. If you are engaged in business, state:
Name & Address:

Name of Customers, and amounts due:

15. Q. If you are employed, give employer's name, address, and telephone number. A. LEO SOUCA 732 [illegible] -441-7008

16. Q. What share or interest do you have in the concern with which you are connected, and were you ever the owner of said busines? A. NO

17. Q. For how long have you worked for your present employer and what is your position; employee number and/or badge number? A. 4 MTHS - AS COMPUTER TECH - 3 day per wk

18. Q. What salary, including bonus, overtime or other compensation do you receive? A. $150 P/WK

19. Q. Are there any garnishments or wage assignments or Court Orders directing you or your employer to make payments from your salary? A. ——

20. Q. If so, state details: A. ——

21. Q. If you or your spouse have any of the following accounts set forth the requested information.

| | State name and address of depository (Bank, Broker, etc.) | Balance in account | Account number |
|---|---|---|---|
| a)Checking account NO | | | |
| b)Savings account NO | | | |
| c)IRA or Keogh account NO | | | |
| d)Money Market account NO | | | |
| e)Brokerage account NO | | | |
| f)Safety Deposit Box NO | | | |
| g)Other | | | |

22. Q. Have you closed any bank or brokerage accounts within the past six months? If so, state the names and addresses of banks or brokerege houses, the dates of closing and final balances at time of closing: A.

NO

23. Q. Do you or your spouse own, lease, or have use of a motor vehicle? A. I HAVE A CAR NOT CURRENTLY Registered

24. Q. If so, state:
In whose name is the vehicle titled: RENY RIVERO
Year and Make:
Finance Co., Bank or Lessor & Bal. due: 1989 CHEVY CAPRICE
License plate number:

25. Q. If you have a driver's license, state:
Type, and Number:
Date of Birth:
Expiration:

26. Q. Have you owned any automobiles within the past twelve months? If so set forth the name and address of the party to whom you transferred it, the date of transfer and the consideration therefor. A.

27. Q. Do you or your spouse or any other defendants own any interest in real estate? A.

NO

28. Q. Have you or your spouse or any other defendant (owned) any real property within the past six years? If so, give the addresses of same, the dates of transfer, the parties to whom transferred and the consideration therefor: A.

NO

29. Q. Do you or your spouse or any other defendants have any assets whatsoever, such as stocks, mutual or money market funds, bonds, mortgages, notes, boats, jewelry, coins, stamps. other collectibles, etc.? A.

NO

30. Q. Are you or your spouse or any other defendants, an officer, director or stockholder in any corporation? If so state details. A.

NO

31. Q. Are you or your spouse beneficiaries under any Will or trust? If so, state details. A.

NO

32. Q. Are there any other Judgments, Federal or State Tax liens on record against you? If so, state names, dates and amounts: A. YES

33. Q. Are you involved in any accident cases. malpractice cases or clams against insurance carriers or any lawsuits whatsoever, and if so, state details and name and address of your lawyer: A.

NO

34. Q. Does anyone owe you any money? If so, give names, addresses, amounts and dates. A.

NO

35. Q. State the current home address and telephone number of all co-defendants. A.

36. Q. Is your spouse or any other defendant engaged in any independent business or employed? A.

37. Q. If employed, give name and address of each person's employer and occupation: A.

38. Q. State each person's salary: A.

39. Q. Do you have any tenants? If so, state their names, addresses and amount of rent they pay: A.

40. Q. State the name and address of your accountant. A.

NO

41. Q. State the name and address of your insurance carrier and agent. A.

42. Q. Do you have any credit cards? If so, state the name and the bank or company issuing each card and the account number. A.

NO

43. Q. What is your gross and net income for the preceding calendar year according to your income tax return? (annex copy of most recent tax return with all schedules) A.

I HAVE NOT FILED TAX RETURNS SINCE 1997.

44. Q. If you are self-employed, itemize your current living expenses as follows:

A. Rent $________ per month
B. Food $________ per month
C. Other $________ per month

45. Q. What is the name, address, telephone number and relationship of your nearest relative? A.

NONE

46. Q. Do you or your spouse or any other defendant have any income besides that mentioned above? A.

I receive help from my family in Venezuela + friends

47. Q. How do you propose to pay this judgment? A.

I propose to pay $25 p/m starting 5-01. for 3-4 mths to be Renegotiated

[signature]

Sworn to before me this
day of , 19

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
------------------------------------------------------------------X
RENY RIVERO

Index No. 11-CV-5707(ENV)(LB)

Plaintiff,

-against-

**AFFIDAVIT OF SERVICE**

KIRSCHENBAUM & PHILLIPS, P.C.

Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

ASHLEY TERMINI, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Kings Park, New York.

On March 18, 2013, deponent served the within NOTICE OF MOTION FOR SUMMARY JUDGMENT, 56.2 NOTICE AND COPY OF RULE 56 upon:

TO: RENY RIVERO
*Plaintiff Pro Se*
*131 Silver Lake Road*
*Staten Island, NY 10301-2741*

the address designated by said defendant for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, by REGULAR MAIL.

[signature]
ASHLEY TERMINI

Sworn to before me this
18 day of March, 2013.

[signature]
NOTARY PUBLIC

MICHAEL LAZARUS KOHL
Notary Public, State of New York
No. 30-4861853
Qualified in Suffolk County
Commission Expires Aug. 31, 2014

HC58812

MICHAEL L. KOHL, P.C.
40 DANIEL STREET, SUITE 7, FARMINGDALE, NY 11735 (516) 746-1144

Index No. 11-CV-5707(ENV)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

---

RENY RIVERO,

Plaintiff,

-against-

KIRSCHENBAUM & PHILLIPS, P.C.

Defendant.

---

## NOTICE OF MOTION FOR SUMMARY JUDGMENT

---

**MICHAEL L. KOHL, P.C.**
*Attorney for Defendant*
*Office and Post Office Address, Telephone*
**40 Daniel Street, Suite 7**
**Farmingdale, NY 11735**
**(516) 746-1144**

---

Signature (Rule 130-1.1a)

MICHAEL L. KOHL

---

To

Attorneys) for

---

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

---

Please take notice
[ ] NOTICE OF ENTRY
that the within is a true copy of a
duly entered in the office of the clerk of the within named court on
[ ] NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named court, at
on at M.

Dated,

Yours, etc.

TO

**MICHAEL L. KOHL, P.C.**
*Attorney for Defendant*
*Office and Post Office Address*
**40 Daniel Street, Suite 7**
**Farmingdale, New York 11735-9000**