UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- x
RENY RIVERO,

                Plaintiff,

       -against-

KIRSCHENBAUM & PHILLIPS, PC,

                Defendant.
---------------------------------------------- x

<u>MEMORANDUM & ORDER</u>

11-CV-5707 (ENV) (LB)

VITALIANO, D.J.

    *Pro se* plaintiff Reny Rivero filed this action alleging violations of, *inter alia*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Am. Compl., ECF No. 20-1). Defendant Kirschenbaum & Phillips, PC ("Kirschenbaum") is a debt collection law firm that allegedly attempted to collect a consumer debt from Rivero. For the reasons that follow, the Court deems defendant's motion for summary judgment to be abandoned.

## Background

    The lengthy procedural history of this case was described in detail in this Court's prior Memorandum and Order, dated June 19, 2015, which denied Kirschenbaum's second motion for summary judgment. (Mem. & Order II, ECF No. 33). In short, after defendant's two motions to dismiss were denied (due to defendant's failure to comply with this Court's Individual Rules),[1] defendant's two motions for summary judgment met the same fate.[2] Notwithstanding defendant's "sloppiness and inattention to rules and detail," the Court *sua sponte* granted

---

[1] *See* 4/24/2012 Order, ECF; 6/7/2012 Order, ECF.

[2] *See* Mem. & Order I, ECF No. 29; Mem. & Order II.

1

defendant leave, until June 30, 2015, to make a third try at serving a rule-compliant motion for summary judgment. (Mem. & Order II at 4-5).

In addition, the Court directed the parties "to comply strictly with *all* of the Court's orders, its Individual Rules, the Local Civil Rules, and the Federal Rules of Civil Procedure." (Mem. & Order II at 4). The Court reminded the parties "that any future violations of any of the rules that serve to delay the resolution of this case can result in severe sanctions, including monetary penalties." (*Id.* at 4-5). The Court also reminded Kirschenbaum that denial of its summary judgment motion with prejudice "remains an option." (*Id.* at 4).

## Discussion

Despite the Court's warnings as to the consequences of noncompliance with Court Orders, Kirschenbaum has apparently elected not to file a third motion for summary judgment and, certainly, did not file one, by the Court-ordered deadline. Defendant has, the Court concludes, abandoned its pursuit of summary judgment. In any event, given the numerous opportunities afforded defendant to cure its noncompliance with the Local Civil Rules, no further extension of time is warranted. *See, e.g.*, Desir v. Austin, No. 13 Civ. 912 (DLI) (VMS), 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015) (denying a third extension of a summary judgment briefing schedule where the moving party failed to establish good cause for its noncompliance with two prior briefing schedules).

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment is deemed abandoned. Magistrate Judge Lois Bloom is respectfully requested to set a schedule for all pre-trial filings, including a final joint pre-trial order.

So Ordered.

Dated: Brooklyn, New York
October 30, 2015

/s/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge